W. D. THOMPSON *v.* WATSON & PETTINGER.

PLEADINGS AND PRACTICE. *Exceptions to report of Referees.* Exceptions
to report of Referees which are not accompanied by a brief, and there
being no reference or citation of any authority upon the questions
attempted to be raised by the exceptions, nor any reference to pages
of record, will not be noticed. Such exceptions are defective and will
be disallowed.

FROM CUMBERLAND.

Appeal in error from the Circuit Court of Cumber-
land county.   D. K. YOUNG, J.

——— ——— for Thompson.

J. D. GOODPASTURE for Watson & Pettinger.

COOKE, Sp. J., delivered the opinion of the court.

This was an action commenced by original attach-
ment in the circuit court of Cumberland county.   The
alleged ground of attachment was that the defendant
below was a non-resident of this State.   There was
a plea in abatement denying the non-residence of the
defendant, which, upon motion of the plaintiffs, was
stricken out.   There was also a motion by the de-
fendant to dismiss and quash the attachment for want
of a sufficient bond and affidavit; which was overruled
by the court.

On application of the plaintiffs, a summons was
issued in the cause, and served upon the defend-
ant.   A declaration was filed, to which the defendant

pleaded *nil debit.* The issue thus made was tried by the court without the intervention of a jury, and found in favor of the plaintiffs, and judgment rendered against the defendant, and that the property attached be subjected to the satisfaction of the same.

On the trial the plaintiffs offered in evidence a transcript of a judgment of a city court of Brooklyn, N. Y., upon which the suit was predicated, which was objected to by the defendant upon several grounds, but the objection was overruled and the transcript admitted as evidence. The defendant moved for a new trial, which was overruled, and he took a bill of exceptions and appealed to this court.

The Referees have reported that the circuit court erred in striking out the plea in abatement. They further report that the affidavit was sufficient to authorize the issuance of the attachment, but that the bond was insufficient. They also report that there was no error in the action of the court in admitting in evidence the transcript of the record of the foreign judgment, and that the authentication of the same was sufficient. They also report that the judgment of the circuit court should be reversed and the cause remanded, with rule on the plaintiffs to give sufficient bond by a day to be fixed by the court, which, if not complied with, the attachment should be dismissed, but if complied with, the case will be first tried upon the defendant's plea in abatement.

To this report, Thompson, the plaintiff in error has alone filed exceptions, and which are in substance as follows:

First,   Because the report does not find the affidavit defective.

Second,   Because the report does not find that the attachment should be discharged for the insufficiency of the affidavit and bond.

Third,   Because the record of the city court of Brooklyn, N. Y., was not reported as insufficient and inadmissible as evidence, and becuase it is not reported that such judgment should be rendered here as the circuit court should have rendered upon the trial below, (said transcript being excluded).

By the sixth section of the act of March 30, 1883, ch. 267; entitled "An act to facilitate the trial of causes in the Supreme Court," etc., under which said Commission of Referees was created, it was provided among other things, that for fifteen days after the filing their reports "either party shall have the right to file with the clerk specific exceptions thereto, pointing out definitely the error complained of, and accompanying such exceptions, there shall be filed a brief citing in most concise manner the specific testimony relied upon, designating page of record, as well as authorities. And no exception shall be taken to such report unless filed as above provided and within the time designated: Acts 1883, page 343.

There is no such brief as here required, or brief of any kind, accompanying these exceptions.  Nor is there any reference to or citation of any authority upon either of the questions attempted to be raised by the exceptions, contained in said exceptions themselves. Nor is there anywhere any reference to any portion

of the record except to a single page by the first exception, which contains the affidavit alleged to be defective.

There has been no attempt to comply with the above requirements of the statute, but its provisions have been utterly disregarded. Without attempting to state what would be considered a sufficient compliance with these requirements, it is sufficient in the present case to say that if we pay any regard to the provisions of the statute these exceptions can not be considered. They will therefore be disallowed, and the report of the Referees confirmed as though no exceptions had been filed. The judgment of the circuit court will be reversed, and the cause remanded in accordance with said report.